BESSIE GITTELMAN, Petitioner, *v.* SAM GITTELMAN, Respondent.

Domestic Relations Court of the City of New York, Family Court, New York County, July 12, 1948.

*Max N. Turshen* and *David M. Shane* for petitioner.

*Reuben Turetsky* for respondent.

POLIER, J. There are two questions before the court: first, whether the petitioner is entitled to an order in this court in accordance with the means of respondent, and second, whether the right to such support, if established, survives the Florida decree which was granted to the respondent subsequent to the order for the support of the petitioner and the younger child through the Family Court Division of the Magistrate's Court in 1929. The earlier record in the Magistrate's Court establishes respondent left the home and was required to support the petitioner and the younger child in the action begun by her in 1929. Since the respondent continued to make payments under that order directly to the petitioner until March, 1948, this court is satisfied that she is entitled to support in accordance with the

means of the respondent unless the Florida decree bars this court from requiring the continuation of regular payments to the petitioner.

Petitioner and respondent were married in New York City in 1922. On June 19, 1928, after the respondent had left the home, the wife brought an action for disorderly conduct in order to secure support for herself and one child. Subsequently, after an adjustment petitioner filed a second complaint of disorderly conduct on September 4, 1929, at which time petitioner was pregnant and the respondent had again left the home. Respondent was found guilty in the Magistrate's Court and placed on probation.

The first action in the Domestic Relations Court was commenced when the wife appeared for an interview on March 22, 1948, at which time she alleged that she had been receiving $12 a week for the past seven and one-half years from her husband who was living apart from her.

The matter was placed on the calendar for the first hearing on April 13, 1948, when both sides were represented by counsel.

At the hearing on April 13th the probation officer reported that the respondent had been paying $12 a week under an old order made in 1929, in the Magistrate's Court, prior to the consolidation of the Family Court and the Domestic Relations Court in 1933. Petitioner testified that the two children of the marriage are both over seventeen and alleged that she had no income since her husband had discontinued payments in March, 1948, and she was totally unable to work at the present time. Petitioner is seeking support for herself only in accordance with respondent's means. Respondent testified that he had voted in New York State at the last election in November, 1947, and in the previous election in 1946. He admitted that he had never voted in Florida since his marriage in 1922. Respondent further admitted that he had not worked or earned any money in Florida during the three years preceding the hearing.

A temporary order of $12 a week was entered, first payment April 15, 1948, without prejudice to either side pending the submission of briefs on the question of jurisdiction of the Domestic Relations Court, and physical examination of the petitioner was ordered.

In *Williams* v. *North Carolina* (317 U. S. 287; 325 U. S. 226) the United States Supreme Court held that while the finding of domicile by a court of a sister State granting a decree of divorce is entitled to prima facie weight it is not conclusive in a sister

State but may be religated there. The record in this case establishes that respondent is now and since 1922 has been a bona fide resident of the State of New York. He has consistently maintained a residence in New York, he has voted exclusively in New York, he has been employed exclusively in New York and he has left the State only for occasional visits to his brother in Florida. The court is satisfied that such visits were never intended to be more than holiday visits to a relative. Petitioner has not visited Florida except for a short visit after her marriage in 1922 and was not represented in the divorce proceeding. This court is, therefore, satisfied that respondent never established such domicile in Florida as to warrant recognition by this State of a foreign decree of divorce. under the full faith and credit clause.

Even if the Florida decree secured by respondent in this case were to be recognized as ending the marital status the petitioner would continue to be entitled to support under the decision of *Estin* v. *Estin* (334 U. S. 541), which sustained the New York State Court of Appeals in its holding that a support order can survive a decree of divorce. In this recent decision the United States Supreme Court has developed a significant doctrine in which it clearly established that even where a foreign decree may alter marital capacity or marital status it does not mean that every other legal incidence of the marriage is necessarily affected. The Supreme Court made clear that where the highest court of the State holds that a support order can survive a decree of divorce such a ruling is not in conflict with the full faith and credit clause and is, therefore, binding on the parties. The Supreme Court went further and clearly stated '' the fact that the requirements of full faith and credit, so far as judgments are concerned, are exacting, if not inexorable, * * * does not mean, however, that the State of the domicile of one spouse may, through the use of constructive service, enter a decree that changes every legal incidence of the marriage relationship.'' (P. 546.)

In the instant case, as in *Estin* v. *Estin* (*supra*) New York has a concern with the broken marriage since both parties were domiciled in New York before Florida assumed any concern with the marriage and are continuing residents of New York State at the present time. As pointed out by the Supreme Court, New York is rightly concerned lest an abandoned spouse '' be left impoverished and perhaps become a public charge.'' (P. 547.)

The decision of the Supreme Court in *Estin* v. *Estin* establishes a doctrine under which States can develop sound public policy for protecting the rights of spouses to support where they have been abandoned even where the validity of a foreign decree of divorce may not be challenged under the full faith and credit clause.

In the instant case this court is satisfied the respondent failed to establish domicile so as to entitle the Florida decree to full faith and credit and further that even if this were not the case the petitioner is entitled under the decision of *Estin* v. *Estin* to continuing support from the respondent in accordance with his means since the question of support may now be separated from the legal effects of a divorce decree affecting the marital status granted in a sister state.

In view of the fact that both children of the marriage are over seventeen the order is hereby modified for the support of the petitioner only. There is no evidence that the petitioner has any means of her own, while the respondent earns $58.60 a week net. Therefore, the respondent is hereby ordered and directed to pay into this court the sum of $15 weekly each and every week beginning on July 19, 1948, for the support of the petitioner, until further order of the court.

The arrears on the temporary order are reported to be $156 and no medical report has been received on the physical condition of the petitioner. Case is adjourned to July 22d for report by the probation officer on medical condition of petitioner, on status of arrears and for such action as the court may deem necessary to secure the enforcement of the order. Notice to both parties and counsel.